1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11    NEIL PARIS SUGARMAN,                    )   Case No.: 1:12-cv-00508-JLT
                                             )
12                    Petitioner,            )   FINDINGS AND RECOMMENDATIONS TO
                                             )   DISMISS PETITION
13           v.                              )
                                             )
14    MERCED COUNTY SHERIFF MARK,            )   ORDER DIRECTING THAT OBJECTIONS BE
      N. PAZIN,                              )   FILED WITHIN TWENTY DAYS
15                                           )
                      Respondent.            )   ORDER DIRECTING CLERK OF COURT TO
16                                           )   ASSIGN DISTRICT JUDGE TO CASE
                                             )
17    _____

18           Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant federal petition on April 4,

20    2012.  (Doc. 1).   The petition indicates that, at the time of its filing, Petitioner was awaiting trial in the

21    Superior Court of Merced County on, inter alia, charges of bank robbery and attempted escape.  (Doc.

22    1, p. 1).  The petition raises four claims: (1) due process violation in "systematically " barring

23    Petitioner from interviewing witnesses and preparing for trial; (2) cruel and unusual punishment in

24    imposing excessive bail; (3) judicial misconduct wherein the trial judge is engaging in fraud and deceit

25    with the prosecutor; and (4) prosecutorial misconduct wherein the prosecutor is engaging in fraud and

26    deceit with the trial judge.  (Doc. 1, pp. 5-6).  Petitioner freely acknowledges that he has not presented

27    any of these claims to the California Supreme Court and that his trial is pending.   For the reasons set

28    forth below, to the extent that Petitioner states federal habeas grounds, the petition is entirely

                                                   1

unexhausted and, even if said claims were exhausted, the Court would nevertheless abstain under Younger because the state court proceedings have not been finally resolved.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies.

    A.   Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999);

2

Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, as discussed, Petitioner is challenging events that apparently are related to his pending criminal prosecution in the Superior Court of Merced County.  Petitioner concedes that he has not presented these claims to the California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

B.   <u>Younger Abstention</u>.

Moreover, as discussed, it appears that Petitioner has not completed the state criminal process about which he complains.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). Moreover, federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination.  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813-14, 96 S.Ct. 1236, 1244 (1976); <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); <u>see also</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996).  The <u>Younger</u> doctrine stems from this longstanding public policy against federal court interference with state court proceedings.  <u>Younger</u>, 401 U.S. at 43.  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment.  <u>Younger</u>, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 225-26 (9th Cir. 1994).  Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. <u>Perez v. Ledesma</u>, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the United States Supreme Court to determine whether abstention under the <u>Younger</u> doctrine is appropriate. <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432; <u>Delta Dental Plan of California, Inc. v. Mendoza</u>, 139 F.3d 1289, 1294 (9th Cir.1998); <u>Dubinka</u>, 23 F.3d at 223.  If these three requirements are met, the court must also consider whether any of the narrow exceptions to the <u>Younger</u> abstention doctrine apply.   The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions."  <u>Dubinka</u>, 23 F.3d at 223 & 225; <u>Lebbos</u>, 883 F.2d at

4

1    816. The extraordinary circumstances exception recognizes that a federal court need not abstain when

2    faced with a statute that is flagrantly unconstitutional in every clause. Dubinka, 23 F.3d at 225.

3        The first requirement is satisfied here because the state proceedings have not been concluded.

4    The second requirement is satisfied because an important state interest, i.e., that of not having the

5    federal courts interfere in state proceedings by precluding a prosecution, is at issue here. See Dubinka,

6    23 F.3d at 223. Finally, the third requirement is met because Petitioner can address his federal

7    constitutional claims to the state courts, including the state appellate courts, if necessary.

8        Where, as here, a district court finds Younger abstention appropriate as to a request for

9    declaratory or injunctive relief, the court may not retain jurisdiction, but must dismiss. Judice v. Vail,

10   430 U.S. 327, 348 (1977); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of

11   Younger applies throughout appellate proceedings, requiring that state appellate review of a

12   conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420

13   U.S. 592, 607-11 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time

14   of the abstention decision, state court proceedings are still considered pending).

15       Because Petitioner's state criminal proceedings appear to be ongoing, even if Petitioner had

16   successfully exhausted his federal habeas claims, the Court would have to abstain from addressing

17   these issues until the state proceedings were concluded and therefore dismiss this case.

18                                          **ORDER**

19       For the foregoing reasons, it is HEREBY ORDERED as follows:

20       1.   The Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

21                                    **RECOMMENDATIONS**

22       Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

23   DISMISSED for lack of exhaustion and under Younger.

24       This Findings and Recommendation is submitted to the United States District Court Judge

25   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

26   Rules of Practice for the United States District Court, Eastern District of California.  Within twenty

27   (20) days after being served with a copy of this Findings and Recommendation, any party may file

28   written objections with the Court and serve a copy on all parties.  Such a document should be

                                             5

captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**April 11, 2012**__                 _____**/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE

6